*NICHOLS vs. HANSE & AL.*

If a party agrees to go to New-York, and report himself as ready to commence work, in the capacity of an engineer, for building one or more steam engines, and to attend to the casting, erecting and putting up said engines, in complete operation; his claim for compensation, is not that of an overseer, but that of a workman, which is prescribed by the lapse of one year.
And an agreement, that he will be guided by the defendants, does not affect their claim for damages, if the work be not per-

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff claims $4324 90, for debt, and $2000 for damages, alleging the defendant's received for him $460 from Dicks, Booker & Co, who employed him as an engineer to go to New-York, to engage to build one or more steam engines there, and under their direction, agreed to pay him at the rate of $120 dollars per month, besides his passage out and in, and his board and lodging included, and $1560 are due him besides $60, for half a month's wages on one of their boats. Farther, that he pledged to them a steam engine, for sawing planks and scantling, as a security for sundry ad-

vances made, and to be made to him. That they engaged to keep it in their possession, but afterwards took it away, and refused to restore it, although the advances they had made were refunded; whereby he has sustained damages to the amount of two thousand dollars. Further, that he sold them the use of a patent right, in New-York and Louisiana.

Eastern District.
*January*, 1830.

NICHOLS
*vs.*
HANSE & AL.

formed in a skilful and workmanlike manner.

The defendants pleaded the general issue, and prescription. They filed an account, exhibiting a balance of about $6000 due them by the plaintiff, which they urged in reconvention.

The district judge allowed the first and second items; the one not being disputed and the other proved; the third item was also admitted. The claim for damages on account of the detention of the pledged engine, was rejected, as well as the demand for the sale of a patent right. The defendants' plea of prescription was not allowed. Their claim in reconvention, for moneys advanced, was allowed; but that for damages, was rejected. Judgment was given for a balance of $604 69, in favor of the plaintiff, and the defendants appealed.

The counsel for the appellants, urge the court erred, disallowing their plea of prescription to the claim of the appellee, for work done, and their own claim in reconvention for damages, sustained by his want of skill and experience and the unworkmanlike manner in which the engines were made.

The appellants, contend the appellee's claim for work and labor performed in New-York, in building steam engines, is scribed under the *Civil Code,* 3499, by prewhich *the claims of workmen, labourers and servants, for their wages,* are prescribed by the lapse of one year. The appellee's counsel contends, that his client's claim, was that of an *overseer,* which is prescribed by three years. The district judge did not consider the appellee as a workman, or overseer, but as an agent ; and disallowed the prescription to his services in New-York, but allowed it as to his services on board of the appellants boat.

Damages were denied to the appellants, for the injury they sustained from the unskilfull and unworkman like manner in which the appellee acted in New-York ; on account

of his having to be guided by the directions of the appellants, and hence it was to be concluded he was not responsible or liable in damages for the bad execution of the work, which must be taken to be, according to the appellant's directions.

According to the agreement on file, the plaintiff undertook to go to New-York, and report himself to Capt. Day, as being ready to comence *work, in the capacity of an engineer, for building one or more steam engines * * * * * and to attend to the casting, erecting and putting the said engine or engines in complete operation.*

We think the district court erred, in disallowing the plea of prescription. The plaintiff was a workman, and his claim was barred by the lapse of one year. *Civil Code*, 3499. He was not, as his counsel contends, an overseer. *Ib.* 30, 3503.

From the plaintiff's acknowledgment in his letter, we think it appears his work was unskilfully performed, from his want of attention and skill; and we do not think that the circumstance of the agreement, providing that he should be guided by the defendants,

Eastern District.
*January*, 1830

NICHOLS
*vs.*
HANSE & AL.

can affect their claim, on account of the insufficiency of his workmanship.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled; and the case remanded for the purpose of ascertaining the amount of the defendant's claim on the reconvention. The plaintiff and appellee paying costs in this court.

*Preston* for the plaintiff, *Mc Caleb* for the defendants.